

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 03 2012

JAMES W. McCORMACK, CLERK
By:_____
              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ARBORMETRICS SOLUTIONS, INC. | PLAINTIFF |
| v.   No. 4:11-CV-502 SWW | |
| SUPERIOR FORESTRY SERVICE, INC. | DEFENDANT |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, ArborMetrics Solutions, Inc. and Superior Forestry Service, Inc. (the "Parties") are engaged in discovery in the above-captioned action (the "Action"); and

WHEREAS, the Parties are or may in the future be producing "Confidential Documents," as defined in paragraph 1 ("Confidential Documents"), or providing disclosures, written discovery responses, or deposition testimony containing "Confidential Information," as defined in paragraph 2 ("Confidential Information"), as a result of the proceedings in this Action; and

WHEREAS, the Parties desire to maintain the confidentiality of the Confidential Documents and Confidential Information that may be produced in this Action; and

WHEREAS, the Parties desire to adopt an efficient and practical procedure for handling confidentiality issues without incurring significant but potentially unnecessary expenses; and

WHEREAS, for the foregoing reasons the Parties desire to enter into this Confidentiality Agreement and Protective Order ("Confidentiality Order");

NOW, THEREFORE, the Parties agree as follows:

1.   For purposes of this Confidentiality Order, "Confidential Documents" shall include any documents that a Party or its counsel designate as confidential based upon a good-faith belief that the designation is appropriate because the documents contain proprietary or confidential business or financial information, salary and other similar employee personnel

information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature. Any documents produced by a non-Party in this Action, pursuant to subpoena or otherwise, may be designated by such non-Party or by any Party or counsel for any Party as "Confidential Documents" under the terms of this Confidentiality Order. Confidential Documents may include information of whatever kind, including but not limited to written information and information otherwise recorded on any medium, including without limitation paper, photographs, recordings, and electronic, optical, and magnetic disks and files.

2. For purposes of this Confidentiality Order, "Confidential Information" shall include any information provided in disclosures, in response to a written discovery request, or in response to a deposition question that a Party or its counsel designate as confidential based upon a good-faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the information, trade secrets contained in the information, or the non-public, sensitive, personal, or private nature of the information.

3. At the time a Party or non-Party produces documents in this Action, the Party or non-Party producing the documents (the "Producing Party") may designate any such documents as Confidential Documents by stamping on each page of such documents the word "Confidential."

4. At the time a Party responds to a written discovery request, the Party producing information may designate such information as Confidential Information by stating in writing in response to the written discovery request that the information is Confidential Information and by indicating on the first page of the written discovery responses that the document contains Confidential Information.

5. During any deposition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate testimony being provided in response to a deposition question as Confidential Information. In addition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate additional Confidential Information by indicating to all Parties, in writing, 15 days following receipt of a deposition transcript the specific line numbers and page numbers of the transcript that contain Confidential Information.

6. If any Party receiving Confidential Documents or Confidential Information (the "Receiving Party") believes that such documents or information is not entitled to the protections set forth in this Confidentiality Order, the Receiving Party shall, within three weeks of receiving such documents or information, indicate to the Producing Party, in writing, copying all Parties to this Action, the specific documents or information that the Receiving Party believes falls outside of the protections set forth in this Confidentiality Order ("Identified Documents or Information") and state in writing the rationale for the removal of such Identified Documents or Information from the protections set forth in this Confidentiality Order.

7. If the Producing Party or any Party to this Action objects, in writing, to the Receiving Party's written notice that the Identified Documents or Information falls outside of the protections set forth in this Confidentiality Order, such objection shall be made within three weeks of receiving such written notice, or the claim of confidentiality shall be waived. If such objection is made in writing, it shall state the rationale for maintaining the Identified Documents or Information under the protections set forth in this Confidentiality Order. If the Receiving Party desires to challenge the claim of confidentiality, the Receiving Party shall move the Court for an order on the issue.

8.      Neither the service of the written notice described in paragraph 6 nor the service of the written objection or filing of a motion described in paragraph 7 shall remove the Identified Documents or Information from the protections set forth in this Confidentiality Order. Until the Parties resolve the dispute among themselves, the Producing Party or Party claiming confidentiality waives the claim of confidentiality, or the Court resolves the dispute, the Identified Documents or Information shall retain the protections set forth in this Confidentiality Order.

9.      The Parties agree that Confidential Documents and Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the Parties, attorneys for the Parties (including paralegals and staff), witnesses, consultants, and expert witnesses specially retained or specially employed for purposes of the Action. To the extent any Confidential Documents or Confidential Information is provided to non-Party witnesses, consultants, or expert witnesses, each non-Party witness, consultant, or expert witness shall agree in writing, in the form attached to this Confidentiality Order as Exhibit A, prior to receiving any Confidential Documents or Confidential Information, that he (a) shall be bound by the terms of this Confidentiality Order and (b) shall return all Confidential Documents and Confidential Information upon conclusion of the Action. Nothing in this Confidentiality Order prevents any Party from disclosing Confidential Documents and Confidential Information to the Court, its staff, and court reporters at deposition or trial, subject to such protections as the Court may order with respect to the treatment of Confidential Documents and Confidential Information at trial. Nothing in this Confidentiality Order restricts what a Producing Party may do with Confidential Documents or Confidential Information it produces.

10. The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. If Confidential Documents or Confidential Information is inadvertently produced without the appropriate designation of confidentiality, the Receiving Party shall, upon notice of the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated confidential at the moment it was produced.

11. The Parties and all persons subject to the provisions of this Confidentiality Order agree to use Confidential Documents and Confidential Information solely and exclusively for purposes of preparing for, conducting, and participating in the Action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever.

12. The Parties' agreement to produce Confidential Documents and Confidential Information pursuant to this Confidentiality Order shall not be deemed an agreement that such information and documents (1) constitute or contain confidential information or trade secrets or other confidential research, development, financial, commercial, or personal information or (2) are relevant to any matter at issue in the Action. Each Party reserves the right to object to, and to seek an appropriate order limiting, any use that any other Party may seek to make of such Confidential Documents or Confidential Information either in discovery or at the trial of the Action.

13. The Parties agree that no copies of Confidential Documents or Confidential Information will be made except as necessary for the purposes of this Action. If it becomes necessary to include information obtained from Confidential Documents or Confidential

Information or to use Confidential Documents or Confidential Information in any court filing, then any Confidential Documents and Confidential Information, and any information obtained from those sources, shall be filed under seal, if not prohibited by law.

14. Upon the conclusion of the Action, all Confidential Documents and Confidential Information and all copies, extracts, summaries, and facsimiles thereof and all electronically, optically, or magnetically stored information of any kind, including without limitation diskettes, compact disks, computer files, and similar storage media ("Electronically Stored Documents"), containing Confidential Documents or Confidential Information shall, by the Receiving Party, be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media. Additionally, upon request, a sworn certificate attesting to the destruction and electronic file deletion and indicating that no electronic information has been retained shall be executed by each Party and by counsel for each Party and delivered to all Parties within 120 days after the conclusion of the case, including any appeal.

15. The Parties agree that nothing in this Confidentiality Order is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine.

16. Because a violation of this Confidentiality Order by a Receiving Party could cause irreparable injury to the Producing Party, and there is no adequate remedy at law for such violation, the Parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin a Receiving Party in this Court from any violation of this Confidentiality Order.

17. This Confidentiality Order shall inure to the benefit of, and be binding upon, the Parties and their respective successors, heirs, agents, personal representatives, and assigns.

18. Any individual or entity that becomes a party to this Action and has not subscribed to this Confidentiality Order as of the time it is presented to the Court for approval and entry may thereafter become a party to this Confidentiality Order by having its counsel sign and date a copy of this Confidentiality Order and filing it with the Court and serving such signed copy upon the other Parties to this Confidentiality Order.

19. This Confidentiality Order is applicable to the Parties for the sole purpose of facilitating discovery in the Action. This Confidentiality Order and the confidentiality designations made pursuant to this Confidentiality Order may not be used in any manner, directly or indirectly, as evidence at trial or any hearing or referred to at trial or any hearing in this Action, save and except for a hearing that involves issues related to the enforcement of any provision of this Confidentiality Order.

20. Any time limit contemplated by this Confidentiality Order may be extended by an agreement in writing signed by counsel of record for each Party.

21. This Confidentiality Order is the entire agreement between the Parties. It may not be amended in any manner whatsoever except by an agreement in writing signed by counsel of record for each Party and adopted by Order of this Court.

IT IS SO ORDERED this 3rd day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE

```
```

APPROVED AND ENTRY REQUESTED BY:

CROSS, GUNTER, WITHERSPOON
  & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Facsimile: (501) 371-0035
dgalchus@cgwg.com
mcooper@cgwg.com

By: *[signature]*
    Donna S. Galchus (80049)
    Michael K. Redd (87141)
    Mary Galchus Cooper (2007241)

*Attorneys for ArborMetrics Solutions, Inc.*

and

QUATTLEBAUM, GROOMS,
  TULL & BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
cchiles@qgtb.com
bdowler@qgtb.com

By: *[signature]*
    John E. Tull III (84150)
    E. B. Chiles IV (96179)
    Bradley G. Dowler (2006177)

*Attorneys for Superior Forestry Service, Inc.*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ARBORMETRICS SOLUTIONS, INC.                                             PLAINTIFF

v.                              No. 4:11-CV-502 SWW

SUPERIOR FORESTRY SERVICE, INC.                                          DEFENDANT

## AGREEMENT

I have been asked to serve as a _____ in this Action on behalf of _____, one of the parties to the Action. I acknowledge that I have received and read the Confidentiality Agreement and Protective Order ("Confidentiality Order") attached hereto. I agree to be bound by the terms of the Confidentiality Order.

I hereby submit to the jurisdiction of this Court solely for the purpose of enforcement of the Confidentiality Order in this Action.

Dated this ____ day of _____, 2011.   [NAME]

                                          By:_____

Subscribed and sworn to before me

this _____ day of _____, 2011.

Notary Public

_____